UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, JR.,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 17cv1130-CAB-BGS<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT [Doc. No. 11]** |

Plaintiff David B. Turner, a non-prisoner proceeding *pro se*, has filed a complaint based on denial of his individual application for social security benefits. [Doc. No. 1.] On October 2, 2017, Defendant Nancy A. Berryhill filed a motion to dismiss. [Doc. No. 11.] On October 2, 2017, this Court issued a minute order setting forth a briefing schedule, and requiring any opposition to be filed by October 20, 2017. [Doc. No. 12.] On December 1, 2017, this Court issued a minute order noting that it did not appear that Defendant properly served Plaintiff with the motion to dismiss, as Plaintiff is in pro per and must be served by mail. [Doc. No. 13.] The Court ordered Defendant to serve Plaintiff by mail and file proof of such service by December 8, 2017. *Id.* It also ordered any opposition to the motion to dismiss be filed by January 5, 2018. *Id.* On December 8, 2017, Defendant filed a certificate of service showing the Plaintiff was served with a

1

copy of the motion to dismiss by certified mail. [Doc. No. 14.] To date, no opposition to the motion to dismiss has been filed.

Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing (or when otherwise scheduled by the Court). Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). That plaintiff is proceeding pro se in this action does not excuse his failure to follow the rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Here, Defendant filed a certificate of service, signaling that Plaintiff was served with the motion to dismiss at the address provided on the face of Plaintiff's complaint. [Doc. No. 14.] Plaintiff was required to file an opposition by January 5, 2018. Two weeks have passed since then and still Plaintiff has not filed an opposition. Thus, the Court finds that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant" all weigh in favor of granting the motion to dismiss. *See Ghazali*, 46 F.3d at 53. Accordingly, the majority of the *Ghazali* factors weigh in favor of dismissal.

In light of the foregoing, it is hereby **ORDERED** that Defendant's motion to dismiss [Doc. No. 11] is **GRANTED**. It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

It is **SO ORDERED**.

Dated: January 19, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge